UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LCM (XXX-XX-9796) | CIVIL ACTION NO. 13-cv-0671 |
| VERSUS | JUDGE FOOTE |
| U.S. COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

LCM ("Plaintiff"), represented by the Binder & Binder law firm, filed this civil action to appeal the Commissioner's denial of her application for disability benefits. Plaintiff prevailed before this court and obtained a remand to the agency, where she was awarded significant benefits. The Binder firm now presents a Motion for Attorney Fees Under Section 406(b) (Doc. 19) and asks for $14,500 for time spent before the court. For the reasons that follow, it is recommended the motion be granted.

**Relevant Facts**

Plaintiff suffers from diabetes and bipolar disorders, among other issues. An ALJ denied her claim for disability benefits, and the Appeals Council denial of review made that the Commissioner's final decision. The Binder firm appealed the decision to this court and argued that the ALJ erred in her method of weighing the competing medical opinions. The Commissioner argued that the ALJ's decision was supported by the record.

The court ruled for Plaintiff, and the Commissioner's decision was reversed and remanded pursuant to sentence 4 of 42 U.S.C. § 405(g).  On remand, Plaintiff prevailed and obtained an award of past due benefits of more than $70,000, plus monthly benefits going forward and Medicare eligibility.

The Binder firm and Plaintiff have a contingency fee agreement that Binder will be paid 25% of any past due benefits.  The agency withheld 25% ($17,691.00) of the total past due benefits for possible payment of attorney fees.  Binder may apply to the agency, pursuant to 42 U.S.C. § 406(a), for a fee for its efforts before the agency, and Binder states that it plans to do so.  Binder may also apply to the court, pursuant to Section 406(b), for an award for work before the court.  The Fifth Circuit interprets Section 406 to preclude the combination of agency fees under Section 406(a) and court fees under Section 406(b) from exceeding 25% of the past-due benefits.  Rice v. Astrue, 609 F.3d 831, 835 (5th Cir. 2010); Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970).  Binder represents that the firm will not seek a total award that exceeds that limit.

**Analysis**

The agency withheld $17,691 for potential fee awards. Binder's motion relies on Section 406(b) and asks the court to approve an award of $14,500 for work performed before the court.  Binder appears to assess that amount as a reasonable portion of the withheld $17,691 to attribute to the court work, with the rest attributed to work before the agency.

The contingency fee agreement may provide the award sought pursuant to 42 U.S.C. § 406(b) so long as the fee is reasonable under the facts of the case. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002); Jeter v. Astrue, 622 F.3d 371 (5th Cir.2010). The Commissioner, who has no direct role in such matters but acts similar to a trustee, filed a general response and stated that she will defer to the court on whether the fee is reasonable. She did, however, note that the effective hourly rate would be significant in this case.

Binder's time records indicate that counsel spent a reasonable 20.4 hours of time on efforts before the court, which results in an effective hourly rate of approximately $710.00 per hour for the court-related time. Gisbrecht explicitly rejected the application of the lodestar method to calculate fees under Section 406(b). It did allow that if the benefits resulting from a contingency fee were large in comparison to the amount of time counsel spent on the case, a downward adjustment could be in order to disallow a "windfall" for the lawyer.

That led to some confusion about the role the lodestar calculation should play in setting a reasonable contingency fee. The Fifth Circuit looked at the issue in Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010) and held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." 622 F.3d at 380. The Court said this meant the windfall assessment could consider an effective hourly rate "but only so long as this mathematical calculation is accompanied by a consideration of whether an attorney's success

is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." Id. The Court explained that the Gisbrecht "windfall" does not preclude attorneys from recovering what may seem like a high fee award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." Id. at 381.

Binder's effective hourly rate may seem a little high in the abstract, but in light of the applicable law and the considerations discussed in Stoneking v. Commissioner, 2011 WL 3328538 (W.D. La. 2011), such as the few attorneys in the area who will handle a disability appeal and the lack of compensation in the many unsuccessful cases, the undersigned finds that the requested fee is reasonable and not attributable to anything other than the attorneys' own work. Plaintiff likely would have received nothing on this application had Binder not appealed the Commissioner's original unfavorable decision and presented a successful argument. That argument led to Plaintiff receiving a net of more than $55,000 in past due benefits going back to 2010, plus continuing monthly payments and Medicare eligibility. That was a significant accomplishment for the client, and it merits fair and adequate compensation for the attorneys. The requested fee award of $14,500 is reasonable in light of the circumstances and should be approved.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Attorney Fees Under Section 406(b) (Doc. 19) be granted and that the court approve a fee award under 42 U.S.C. § 406(b) in the amount of $14,500 for the work of the Binder & Binder law firm before the court in this case, with the amount to be paid from the past due benefits held by the Commissioner for such purposes.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of September, 2016.

                                                    Mark L. Hornsby
                                                    U.S. Magistrate Judge